## Stafford, Executrix v. Old Heritage Mutual Ins. Co.

*Albert Foster,* for plaintiff.
*Lawrence D. Neff,* for defendant.

KELLER, *J.*, January 18, 1975—This is an action in assumpsit on a "Personal Income Disability Policy" issued by defendant to plaintiff's decedent. From the allegations of the complaint, it appears defendant issued policy no. 12419-101-003 to Flora G. Booth on November 18, 1970, that Mrs. Booth kept the policy in effect by the timely payment of premiums, that, as a result of illness, she was disabled and hospitalized at the Fulton County Medical Center from June 16, 1973, to July 11, 1973, and confined to her home from July 11, 1973, to August 1, 1973, when she expired. On August 6, 1973, letters testamentary were issued to plaintiff herein, who filed her proof of claim for benefits under the policy in the amount of $1,016. Defendant has failed and refused to pay the sums allegedly due.

Plaintiff's complaint was filed on June 11, 1974, and served upon defendant by the deputy sheriff of Montgomery County, on July 15, 1974. On September 19, 1974, plaintiff filed preliminary objections in the nature of motions to strike and for a more specific answer and a demurrer. The case was listed for argument and heard by the court en banc on December 17, 1974. At argument, plaintiff requested leave of court to file amended preliminary

objections in the nature of (a) abandoning the motion to strike; (b) demanding a more specific answer as to paragraph 6; and (c) asserting an additional reason in support of the demurrer. With the approval of counsel for defendant, who had received no notice of the proposed amended preliminary objections, plaintiff was granted leave to abandon the motion to strike and to demand a more specific answer as to paragraph 6 of the answer. On objection of counsel for defendant, leave was not granted plaintiff to include the additional reason in support of the demurrer or to argue the same.

To facilitate consideration of the paragraphs of defendant's answer, which plaintiff contends are insufficiently specific, we will set forth first the paragraph from plaintiff's complaint and then defendant's responsive paragraph. Those paragraphs of defendant's new matter objected to will also be set forth.

(Complaint Par. 5) "The Plaintiff's decedent, during the latter's lifetime, made regular and timely payments of premium upon the said insurance policy (No. 12419-101-003), so that the policy was in full force and effect at the time of decedent's death at Thompson Township, Fulton County, Pennsylvania on August 1, 1973."

(Answer Par. 5) "Denied in that said policy was not in full force and effect at the time of the decedent's death."

(Complaint Par. 6) "While the said policy was in full force, the insured, Flora G. Booth, became gravely ill on June 16, 1973, and was taken by ambulance to the Fulton County Medical Center, McConnellsburg, Pennsylvania, where she remained under medical care until July 11, 1973."

(Answer Par. 6) "Admitted in part and denied in part for the aforementioned reason."

(Complaint Par. 10) "The Plaintiff has performed all things on her part to be performed according to the terms of the said insurance contract."

(Answer Par. 10) "Denied in that the decedent had not performed all things on her part required under the terms of the said policy."

(Complaint Par. 11) "A reasonable period of time has elapsed since the Plaintiff's said claim has been presented to Defendant. Defendant has broken its covenants and has failed and refused to pay the sums to which the Plaintiff's decedent (the insured) is entitled under the terms of the said policy of insurance, even though Plaintiff has frequently requested that Defendant make such lawful payment of benefits upon said policy."

(Answer Par. 11) "Denied in that the Defendant has not broken any of its covenants, and further denied that Defendant has refused to pay any sum payable under the terms and conditions of the policy. In fact, no claim has been presented, for the time periods referred to, which complies with the terms and conditions of the aforementioned policy of insurance."

(Complaint Par. 12) "According to the terms of the said policy of insurance, there is due to the insured, Flora G. Booth, and payable to the Plaintiff, as Executrix, certain cash benefits in the following categories as embodied in the text of the policy:

" 'A. Sickness benefits—Part IX of the policy'
"While confined to the Fulton County Medical Center hospital June 16 to July 11, 1973  $200.00

"While totally disabled at the home of the Insured
July 11—August 1, 1973    $200.00
 "B. Ambulance Expense—Part XI $ 10.00
 "C. Increased Indemnity for Hospital
   Confinement Part XII June 16—
   July 11, 1973     $200.00
 "D. Refund of premiums paid from policy date,
November 18, 1970 to August 1, 1973:

| | |
|---|---|
| 1970 | $ 142.00 |
| 1971 | 132.00 |
| 1972 | 132.00 |
| | $ 406.00 |

  "Total       $ 1,016.00"

(Answer Par. 12) "Denied in that according to the terms and conditions of the said policy there are no sums payable to the insured, for the claim presented."

New Matter 14, "Said application was duly executed by the Decedent, and witnessed by a representative of the Defendant."

New Matter 16. "Information regarding the medical history of the Decedent has been furnished to the Defendant, by the Decedent's Attorney, which indicates a significant medical history not found in the Decedent's application for insurance."

New Matter 17. "Had the true and correct medical history been given by the Decedent in her application for insurance, the said policy would not have been issued because of the risk involved."

New Matter 18. "As a result of the foregoing, the Defendant is entitled to recind [sic] said policy as of the date of its issuance."

The essence of plaintiff's objections is that defendant's responding paragraphs and paragraphs under new matter, presumably asserting one or more defenses, fail to inform plaintiff of the facts

upon which defendant declines to pay the policy claim. The response of defendant seems to be in part an assertion that it is not required to plead evidence; in part a contention that plaintiff has as much knowledge as to certain matters of defense as defendant; in part that its denials are sufficient, and in part that plaintiff can secure the information she seeks by following the available discovery procedures.

To place the matters here under consideration in their proper perspective, this court is of the opinion that certain fundamentals of proper pleading must be noted. First, and perhaps foremost, the bench and bar must be mindful of the legal fact of life that the Commonwealth of Pennsylvania does retain the concept of fact pleading as distinguished from "code pleading." Pa. R.C.P. 1019(a) masterfully and eloquently enunciates the adoption and adherence to this concept in the following language:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

Discussing this subsection of the Rules of Civil Procedure, we find in 2A Anderson, Pa. Civ. Prac. at §1019.1:

"Subdivision (a) continues the system of fact-averring pleadings as distinguished from the notice-giving system adopted by the Federal Rules of Civil Procedure. Under the Pennsylvania rule each party filing a pleading in which facts are averred must state 'the material facts' on which his cause of action or defense is based and must state them in a concise and summary manner.

"Although the use of technical words is not required, the pleader must state the facts of his claim

or defense with such accuracy and precision or reasonable certainty that the adverse party is sufficiently informed of the basis of the pleader's claim or defense that the adverse party is enabled to prepare his case. The test is also stated to be the plaintiff must plead his case with sufficient clarity that if not denied he would be entitled to summary judgment. The circumstance that certain facts are known to the adverse party does not relieve the pleader of the duty of setting forth those facts when necessary to make his pleading self-sufficient.

". . .

"A pleader should not be so general or vague that the nature of his claim can only be inferred or arrived at by conjecture.

". . .

"The fact pleading system is designed to compel a concise, orderly statement of the ultimate facts so that litigation will be expedited and dilatory pleadings eliminated. That is, the issues for trial are to be developed and narrowly defined by sworn pleadings stating the operative facts which constitute the respective claims and defenses. Furthermore, the complaint should raise all issues which may be involved in order to guide the trial judge in the ruling on the admissibility of evidence. Similarly, the fact pleading system is adopted by the Pennsylvania Rules of Civil Procedure in order to make it possible to dispose of cases at some preliminary stage and thus avoid the waste of time and money in a trial."

We endorse and wholeheartedly adopt the philosophy above set forth, for we conceive fact pleading to require parties to exchange pleading sufficiently precise as well as concise that they inform all who read them what plaintiff claims and

the basis of the claim, and to what extent defendant denies the claim and the basis of the denial. Not only do the pleadings serve the vitally important function of putting the adverse parties on notice of the respective postures in the litigation so that each may make such investigation and preparations for trial as they deem necessary (which may, indeed, include fruitful settlement negotiations); but they should also establish a format for the trial, and inform the trial judge of the issues for pretrial conference and trial purposes without an unreasonable investment of judicial time in the study of voluminous discovery proceedings.

Pa. R.C.P. 1029, in part, is the counterpart of Pa. R.C.P. 1019, and provides:

"(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

"(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investi-

gation he has made or to rely upon information received from an adverse party or hostile person.

"(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

Applying the foregoing to plaintiff's motions for more specific answers:

1. Paragraph 5 of defendant's answer constitutes a general denial and thus is insufficiently specific. (Defendant's argument that it intended to admit "some regular and timely payments" were made is not borne out by the averments of the paragraph pleaded by defendant.)

2. Paragraph 6 of defendant's answer, failing to inform plaintiff what it specifically denies and what it specifically admits, is insufficiently specific.

3. Paragraph 10 of defendant's answer constitutes a general denial, for it fails to inform plaintiff what decedent did not do, as required under the policy. Thus, it is insufficiently specific.

4. Paragraph 11 of defendant's answer specifically denies the averments of paragraph 11 of the complaint and is sufficiently specific.

5. Paragraph 12 of defendant's answer does nothing more than deny liability under the policy. Such an averment informs neither plaintiff nor the court of defendant's defense and, therefore, is insufficiently specific.

6. Paragraph 14 of defendant's new matter is sufficiently specific.

7. Paragraph 16 of defendant's new matter, by referring to "a significant medical history not found in defendant's application . . ." hints at the existence of a discrepancy between decedent's medical history and that set forth on the insurance applica-

tion form. However, the averments, as written, fail to inform plaintiff or the court of the material facts and would permit the introduction of almost any medical evidence defendant might elect to offer. The paragraph is, therefore, insufficiently specific. (Defendant's argument that plaintiff already has knowledge of the medical condition referred to begs the question; for it ignores the clear mandate of Pa. R.C.P. 1019(a), and eliminates the possibility of framing the issues and establishing a trial format.)

8. Paragraph 17 of defendant's new matter fails to inform plaintiff and the court what medical risk would have deterred defendant from issuing the policy. For the reasons set forth in paragraph 7, supra, the paragraph is not sufficiently specific.

9. Paragraph 18 of defendant's new matter incorporates the preceding paragraphs under new matter, and would, therefore, become a sufficiently specific averment when defendant amends those paragraphs as hereinabove directed.

We do not find defendant's argument that plaintiff can secure the information she demands by discovery persuasive. In the case at bar, the total claim is only $1,016. To require plaintiff to engage in extensive and expensive discovery proceedings to learn what defense the insurance carrier proposes to assert to the claim would be tantamount to denying plaintiff her day in court. At section 1019 of 2A Anderson Pa. Civ. Prac. appears the following commentary, which we heartily endorse and which we feel is equally applicable to the pleadings of a defendant:

"The availability of discovery procedure does not abolish the requirement of Rule 1019(a) that the material facts on which the plaintiff's claim is based shall be pleaded. The rules are drawn on the

theory that the issues are framed by the pleadings and discovery process is merely an ancillary aid.

"The fact that information can be ascertained by discovery does not excuse its being pleaded when it is material to the plaintiff's cause of action. Otherwise stated, the fact that discovery procedures are available does not free the plaintiff from the duty of pleading ordinary facts which are within his knowledge and which would of necessity have to be disclosed at a pretrial conference. Discovery is not a substitute for proper pleading and the pleadings must still set forth all required information even though the adverse party is willing to make any desired information available or the complaining party could require such information by discovery.

"The fact that the rules of pleading are relaxed is not to be interpreted as permitting the plaintiff to be so vague in his complaint but the defendant will not be given notice of what he must meet at trial without taking depositions."

Plaintiff's motions for a more specific answer will be granted as to defendant's paragraphs 5, 6, 7, 12, 16 and 17.

For the guidance of defendant's counsel in the preparation of the amended answer and new matter, which will be required, we recommend a careful review of "Practice Hints" in Anderson Pa. Civ. Prac. or some comparable work on civil procedure. At page 539 of 2A, the following terse, but practical "hint" is given:

"As in the case of many pleading problems, difficulties with respect to admissions and denials can be avoided by making the answering pleading a frank and truthful statement of what happened."

A. Defendant has admitted its liability to plaintiff by pleading general denials in paragraphs 5, 6,

10, 11, and 12, which under Pa. R.C.P. 1029(b) must be treated as admissions.

B. Due to the lack of specificity throughout defendant's answer and new matter, the court must conclude that defendant failed to assert a defense.

While plaintiff's argument is an interesting exercise in logic, we cannot agree with it or sustain plaintiff's demurrer. Plaintiff has moved for a more specific answer and we have granted that motion. Plaintiff cannot have it both ways. We have no reason not to expect defendant to file an amended answer properly asserting its defense or defenses. The demurrer is overruled.

## ORDER

Now, January 18, 1975, plaintiff's motion for a more specific answer is granted. Defendant shall file an amended answer within 20 days of this date in accordance with the above opinion. Defendant's demurrer is overruled.

Exceptions are granted plaintiff and defendant.